CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 3 1 2011

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SEAB JACKSON HARLESS, JR., ) | |
| ) | Civil Action No. 7:10CV00190 |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | By: Honorable Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g). This court's review is limited to a determination as to whether there is substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the requirements for entitlement to benefits under the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 400 (1971).

The plaintiff, Seab Jackson Harless, Jr., was born on July 19, 1956, and eventually completed his high school education. Mr. Harless also completed an auto mechanics class. Mr. Harless has worked as a ham cook and USDA inspector assistant at a meat processing plant, as well as a self-employed painter. Plaintiff last worked on a regular and sustained basis in 2006. On January 10, 2007, Mr. Harless filed an application for a period of disability and disability

insurance benefits. Plaintiff alleged that he became disabled for all forms of substantial gainful employment on May 28, 2006, due to severe pain and weakness in his left shoulder and right arm. Mr. Harless now maintains that he has remained disabled to the present time. The record reveals that Mr. Harless met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. §§ 416(i) and 423(a).

Mr. Harless's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated August 28, 2008, the Law Judge also determined that Mr. Harless is not disabled. The Law Judge found that plaintiff suffers from traumatic and degenerative joint disease. Because of this condition the Law Judge ruled that Mr. Harless is disabled for all of his past relevant work roles. However, the Law Judge found that plaintiff retains sufficient functional capacity to perform a significant range of unskilled light work activity, subject to physical and environmental limitations. (TR 15). Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge found that Mr. Harless retains sufficient functional capacity to perform several light work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that Mr. Harless is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Harless has now appealed to this court.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this matter, the court is constrained to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Harless suffers from a history of significant physical problems involving his upper extremities and cervical spine. Plaintiff has undergone two surgical procedures for repair of rotator cuff injuries in his left shoulder. The second surgery involved a major tear, and plaintiff's recuperation was prolonged and incomplete. He continues to suffer from pain, restricted motion, and weakness in his left upper extremity. In addition, Mr. Harless has a history of multiple broken bones in his right arm. As a result, he experiences some deformity as well as limitation of motion and weakness in the right upper extremity. More recently, plaintiff has been diagnosed with significant degenerative changes in the cervical spine. Finally, in 2008, Mr. Harless developed pain in his hips, which his doctors have attributed to trochanteric bursitis. In short, plaintiff experiences a history of significant problems involving his neck and both shoulders, and he continues to carry a diagnosis of significant degenerative process in these affected areas.

Despite significant pathology, the medical records in this case support the Commissioner's finding that Mr. Harless retains sufficient physical capacity for lighter exertional activities. Dr. Brian A. Torre, who performed the second rotator cuff repair, released Mr. Harless to return to work shortly after the procedure was performed in 2005. In June of 2006, Dr. Torre reported that plaintiff had reached his maximum level of improvement. Mr. Harless continued to note substantial discomfort. In June of 2006, he saw Dr. Brent Johnson for an orthopaedic consultation. Dr. Johnson concurred that no further treatment was necessary. Both Dr. Johnson and Dr. Torre have produced reports indicating that, while he is disabled for his past work activities, Mr. Harless retains sufficient functional capacity for lighter forms of exertion. (TR 178, 180, 187, and 638).

In October of 2006, plaintiff was referred to Dr. Richard Wilson, a pain management specialist, for physical therapy and rehabilitation. While noting plaintiff's degenerative changes, Dr. Wilson opined that Mr. Harless should be able to engage in some forms of work activity. (TR 192). In 2007, Mr. Harless presented to Dr. Charles Lamb, his primary care physician, for an assessment of capacity for work activity. Dr. Lamb produced an assessment which indicates that plaintiff could engage in sedentary and light sedentary levels of work. Dr. Lamb did opine, however, that Mr. Harless could be expected to be absent from work more than three times per month. (TR 642-45).

In summary, it seems that all of the physicians who have actively treated Mr. Harless since the second rotator cuff repair have determined that plaintiff retains sufficient functional capacity to engage in lighter forms of physical activity. In the court's view, Dr. Torre, Dr. Johnson, Dr. Wilson, and Dr. Lamb have all produced medical reports which support a finding of residual functional capacity for sedentary and light sedentary levels of exertion. The court believes that the Administrative Law Judge properly relied on testimony from a vocational expert in determining that

Mr. Harless retains sufficient functional capacity for specific light work roles existing in the national economy. The court notes that the Administrative Law Judge properly assumed that plaintiff is unable to engage in work activity which requires frequent pushing and pulling, working overhead, and repetitive use of the arms. (TR 41). All of the jobs identified by the vocational expert involve only minimal use of the upper extremities. (TR 42). It appears to the court that the vocational expert's consideration of the vocational factors, and the assumptions under which the expert deliberated, are both reasonable and consistent with the record in this case. The court believes that the Law Judge's assessment of the vocational testimony and medical record is supported by substantial evidence. It follows that the final decision of the Commissioner must be affirmed.

On appeal to this court, Mr. Harless argues that the Administrative Law Judge failed to consider all the reports and opinions from Dr. Wilson. In the plaintiff's view, certain of the physical findings made by Dr. Wilson are consistent with plaintiff's complaints of disabling pain, as well as the work restrictions noted by Dr. Lamb. While it may be true that the Administrative Law Judge did not specifically note the deformity in plaintiff's right arm, as reported by Dr. Wilson, the fact remains that Dr. Wilson specifically determined that Mr. Harless could be expected to perform a wide variety of work roles despite all of his physical impairments. (TR 192). The court believes that Dr. Wilson's report is especially telling, since Dr. Wilson had been asked to consider plaintiff's case in light of plaintiff's complaints of severe and debilitating pain. On one of his last visits with Mr. Harless, Dr. Wilson encouraged the plaintiff to be active. (TR 618). In short, while the Law Judge may not have explicitly cited all of the findings and observations of the pain management specialist, the court believes that Dr. Wilson's overall opinion supports the Commissioner's finding that Mr. Harless is not totally disabled.

5

Plaintiff also argues that the Law Judge failed to give controlling weight to the observation of Dr. Lamb, the family physician, that Mr. Harless could be expected to miss work on the average of three days a month. Plaintiff correctly points out that the vocational expert testified that no jobs would be available to Mr. Harless if he missed this much time on a regular basis. (TR 40). However, the court notes that all of the other findings from Dr. Lamb are consistent with the Commissioner's assessment of plaintiff's residual functional capacity. Stated differently, although Mr. Harless has been seen by a variety of doctors on a variety of occasions, the treating physicians have not identified any basis upon which to conclude that plaintiff's pain and subjective discomfort are so severe as to prevent performance of all forms of work. In such circumstances, the court believes that the Law Judge might reasonably choose to discredit Dr. Lamb's estimate as to how many days per month Mr. Harless might feel himself unable to work.

Finally, plaintiff argues that the Administrative Law Judge improperly discounted the subjective complaints of disabling pain and physical discomfort. However, as previously noted, it appears to the court that none of the physicians in this case has suggested that plaintiff's physical problems are so severe as might reasonably be expected to produce a disabling level of pain. In such circumstances, the court believes that there is substantial evidence to support the Law Judge's determination that Mr. Harless does not experience a disabling level of pain. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989).

In affirming the Commissioner's final decision, the court does not suggest that Mr. Harless is free of all pain, discomfort, weakness, and physical dysfunction. Indeed, the medical record confirms that plaintiff suffers from very severe problems in his neck and shoulders, which can be expected to limit the range of work in which he is able to engage. However, it must again be noted

that the doctors who treated plaintiff's musculoskeletal problems have not suggested that his condition has deteriorated to the point at which he is unable to engage in any form of substantial gainful activity. In passing, the court notes that Mr. Harless quit working only when the plant at which he was employed shut down. (TR 105). It must be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. Richardson v. Perales, supra; Oppenheim v. Finch, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, supra. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 31st day of March, 2011.

_____
Chief United States District Judge